ORIGINAL

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

BOBBY GENE WATERS, JR.,            )
                                   )
    Plaintiff,                     )
                                   )
v.                                 )    CV 308-085
                                   )
HUGH SMITH, Warden, et al.,        )
                                   )
    Defendants.                    )

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate incarcerated at Dodge State Prison in Chester, Georgia, commenced this civil action pursuant to 42 U.S.C. § 1983. Plaintiff is proceeding *pro se* and *in forma pauperis*, and this matter comes before the Court on Plaintiff's motion for injunctive relief. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's motion for a temporary restraining order and preliminary injunction be **DENIED**. (Doc. nos. 21-1, 21-2).

### I. BACKGROUND

Plaintiff commenced the above-captioned case alleging that his requests for medical attention regarding a cyst on his back have been ignored. (Doc. no. 18, p. 5). He also alleged in his complaint that he has difficulty grasping certain objects because of a "knot" on his hand, which also apparently causes numbness and "excruciating pain." (Id.). He states that he has a pain in his neck that causes him headaches and pain in his right shoulder. (Id.).

His final allegation maintains that he has not received treatment for the above-described ailments, despite several medical requests and grievances.[1] (Id.).

In his motion for a temporary restraining order and preliminary injunction, Plaintiff once again states that he has been denied "correct and proper medical attention" and that his requests for treatment have, for the most part, been denied.[2] (Doc. no. 21, p. 2). He states that he has been forced to work with pain in his neck, back, and arms, and that he has been issued a disciplinary report for failure to work. (Id. at 2-3). He goes on to allege that he needs an MRI because his medical problem is "very serious" and that he could become paralyzed. (Id. at 3). As relief, Plaintiff requests that "the respondent" be required to arrange for a "medical procedure and a plan of treatment by a certified specialist" and that "the respondents" also be required to carry out that plan of treatment." (Id. at 3-4).

## II. INJUNCTIVE RELIEF REQUIREMENTS

A party moving for injunctive relief must show the following: (1) a substantial likelihood that he will prevail on the merits; (2) a substantial threat that he will suffer irreparable injury if the injunction is not granted; (3) the threatened injury to him outweighs the threatened harm an injunction may cause the opponent; and (4) granting the preliminary injunction will not disserve the public interest.[3] McDonald's Corp. v. Robertson, 147 F.3d

---

[1] Plaintiff's claims have yet to be screened because he has not yet submitted an amended complaint in compliance with this Court's Order of January 8, 2009.

[2] Plaintiff does state that has seen a doctor on one occasion, which he alleges occurred after he filed the instant action. (Doc. no. 21, p. 2).

[3] Here, Plaintiff has styled his motion for injunctive relief as one for both a temporary restraining order and a preliminary injunction. A temporary restraining order is usually sought "to preserve the status quo until the Court can conduct a thorough inquiry into the

2

1301, 1306 (11th Cir. 1998) (citing All Care Nursing Serv., Inc. v. Bethesda Mem'l Hosp., Inc., 887 F.2d 1535, 1537 (11th Cir. 1989)). "A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the 'burden of persuasion' as to the four requisites." All Care Nursing Serv., Inc., 887 F.2d at 1537.

Plaintiff has failed to meet his burden of persuasion as to all four requisites for injunctive relief because he has failed to connect any named Defendants to the alleged acts of misconduct, thereby failing to demonstrate a substantial likelihood of success on the merits. On January 8, 2009, the Court reviewed Plaintiff's complaint in conformity with the IFP statute, but found that Plaintiff had failed to connect any Defendant with the specific facts on which his claims were based. (Doc. no. 22, pp. 3-4). The Court therefore ordered him to amend his complaint within fifteen (15) days of the January 8, 2009 Order. (Id. at 4). Plaintiff has yet to respond to this Order, and given the pleading deficiencies described, Plaintiff has not demonstrated that there is a substantial likelihood that he will succeed on the merits of his claims.

Moreover, Plaintiff must meet specifically delineated criteria in order to state a claim for deliberate indifference. Although it is true that "[t]he Eighth Amendment's proscription of cruel and unusual punishments prohibits prison officials from exhibiting deliberate indifference to prisoners' serious medical needs," Campbell v. Sikes, 169 F.3d 1353, 1363

---

propriety of a preliminary or permanent injunction." Hospital Resource Personnel, Inc. v. United States, 860 F. Supp. 1554, 1556 (S.D. Ga. 1994) (Bowen, J.), but it is clear that Plaintiff does not seek to preserve the status quo. In any event, the Court has evaluated Plaintiff's request under the well-known standards generally applicable to both types of requests for injunctive relief. Bieros v. Nicola, 857 F. Supp. 445, 446 (E.D. Pa. 1994) ("The standards for a temporary restraining order are the same as those for a preliminary injunction." (citation omitted)).

(11th Cir. 1999), to support a claim for deliberate indifference to a serious medical need, Plaintiff must meet a two-prong test. First, based on an objective standard, the alleged medical problem must be "sufficiently serious"; second, the defendant must have subjectively acted with "deliberate indifference" to the inmate's health or well-being. Farmer v. Brennan, 511 U.S. 825, 834 (1994). To state the proposition differently, Eighth Amendment liability cannot be based on simple negligence or lack of due care, but rather requires some sort of conscious disregard of a serious and imminent risk. Id. at 835-39. As already stated, Plaintiff's failure to connect any Defendant to the alleged acts of misconduct has prevented the Court from determining whether Plaintiff has *arguably* stated a viable claim for deliberate indifference under the standard described above, thus supporting the conclusion that Plaintiff has failed to meet his burden of persuasion as to the first requisite that would justify injunctive relief.

It is also worth noting that Fed. R. Civ. P. 65(d) requires requests for injunctions to be specific. Indeed, "[a]n injunction must be framed so that those enjoined know exactly what conduct the court has prohibited and what steps they must take to conform to the law." Sec. & Exch. Comm'n v. Smyth, 420 F.3d 1225, 1233 n.14 (11th Cir. 2005) (citations omitted). Here, Plaintiff has requested that an MRI be performed and that a plan of treatment be arranged. However, Plaintiff does not identify which individuals should be required to perform the medical procedure or arrange and carry out his treatment plan; indeed, his request only references an unnamed "respondent" or "respondents." Without this information, the Court will not grant an injunction that gives Defendants no notice of what specific actions must be taken or how they are to proceed with Plaintiff's medical treatment.

Simply stated, Plaintiff's failure to be specific in his request prevents this Court from recommending that injunctive relief be granted.[4]

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's motion for a temporary restraining order and preliminary injunction be **DENIED**. (Doc. nos. 21-1, 21-2).

SO REPORTED and RECOMMENDED this 29th day of January, 2009, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

[4]Plaintiff has acknowledged that he has received some medical treatment for his alleged medical ailments, (doc. no. 21, p. 2), which makes it appear that Plaintiff is voicing nothing more than a disagreement with his treatment plan in his request for injunctive relief. In any event, Plaintiff submits nothing demonstrating that the requested course of treatment is necessary to prevent irreparable injury.