BOBBY GENE WATERS, JR.,    )
                       )
        Plaintiff,    )
                       )
        v.    )    CIVIL ACTION NO.: CV509-027
                       )
HUGH HUMPHREY, Warden,    )
                       )
        Defendant.    )

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Bobby Gene Waters, Jr. ("Plaintiff"), who is currently incarcerated at Dodge State prison in Chester, Georgia, filed an action pursuant to 42 U.S.C. § 1983 contesting the conditions of his confinement while he was incarcerated at Ware State Prison. Defendants filed a Motion to Dismiss, Plaintiff filed a Response, and Defendant filed a Reply. For the reasons which follow, Defendants' Motion should be **GRANTED**.

## STATEMENT OF THE CASE

Plaintiff was housed at Ware State Prison from August 2004 until August 2007. Plaintiff contends that he did not receive any medical treatment while he was housed at Ware State Prison. According to Plaintiff, he filed numerous grievances and requests to obtain medical treatment. Plaintiff contends that he has a cyst on his back that leaks on occasion and a knot on his hand that goes numb and causes excruciating pain. Plaintiff states it is difficult to pick up objects because of this knot. Plaintiff's claim of deliberate

indifference was allowed to proceed only against Carl Humphrey, the former Warden of Ware State Prison.

Defendant has moved for the dismissal of Plaintiff's Complaint, asserting that Plaintiff has failed to exhaust his administrative remedies, Plaintiff's allegations are barred by the statute of limitations, Plaintiff fails to state a claim, Defendant is entitled to qualified immunity, and Plaintiff's claims for monetary damages are barred by the Eleventh Amendment.

## STANDARD OF REVIEW

The determination of whether an inmate exhausted his available administrative remedies prior to filing a cause of action in federal court is a matter of abatement and should be raised in a motion to dismiss. Bryant v. Rich, 530 F.3d 1368, 1374 (11th Cir. 2008). "Even though a failure-to-exhaust defense is non-jurisdictional, it is like" a jurisdictional defense because such a determination "ordinarily does not deal with the merits" of a particular cause of action. Id. (internal punctuation and citation omitted). A judge "may resolve factual questions" in instances where exhaustion of administrative remedies is a defense before the court. Id.

## DISCUSSION AND CITATION TO AUTHORITY

Defendant asserts Plaintiff failed to comply with the grievance procedure established by the Georgia Department of Corrections. Defendant contends Plaintiff had to pursue all available levels of administrative remedies, including any appeals, in order to satisfy the exhaustion requirement. According to Defendant, Plaintiff filed only one grievance while incarcerated at Ware State Prison, and the one grievance he filed did not address medical treatment. (Doc. No. 40-2, p. 6). Rather, Plaintiff's grievance

asserted that staff had harassed him in connection with his protective custody. (Doc. No. 40-6, p. 2). Defendant maintains that Ware State Prison has records of informal grievances dating back to 2006, and no grievances filed by Plaintiff relating to his medical treatment were found. Defendant further asserts that, even if Plaintiff had filed grievances prior to 2006, the statute of limitations would bar Plaintiff from bringing claims concerning circumstances that occurred prior to January 22, 2007.

The Prisoner Litigation Reform Act ("PLRA") mandates that "[n]o action shall be brought with respect to prison conditions under section 1983 . . . by a prisoner . . . until such administrative remedies as are available are exhausted. 42 U.S.C. § 1997e(a). "When a state provides a grievance procedure for its prisoners, . . . an inmate alleging harm suffered from prison conditions must file a grievance and exhaust the remedies under that procedure before pursuing a § 1983 lawsuit. Johnson v. Meadows, 418 F.3d 1152, 1156 (11th Cir. 2005). To exhaust administrative remedies in accordance with the PLRA, prisoners must "properly take each step in the administrative process." Id. at 1158. An inmate "must file complaints and appeals in the place, and at the time, the prison's administrative rules require." Id. Prison officials must have an opportunity to address the grievance internally and rule on the grievance before the inmate files a complaint in federal court. Id.

Within the Georgia Department of Corrections, the grievance procedure is a three-step process. Blackerby v. McNeil, 2008 WL 5209975, at *4 (S.D. Ga. Oct. 7, 2008). It commences with the filing of an informal grievance which must be filed within ten calendar days from "the date the offender knew, or should have known, of the facts giving rise to the grievance." Id. If an inmate is unsatisfied with the resolution of his

informal grievance, a formal grievance form must be submitted within five business days. Id. The Warden has thirty calendar days to respond to the formal grievance. Id. If the inmate is not satisfied with the Warden's response, he has five business days to file an appeal; then, the Office of the Commissioner has ninety calendar days to respond. Id. The grievance procedure is terminated upon the issuance of an appeal response. Id.

In Turner v. Burnside, 541 F.3d 1097 (11th Cir. 2008), the Eleventh Circuit clarified how the lower courts are to examine the issue of exhaustion of administrative remedies. First, the court is to take the plaintiff's version of the facts regarding exhaustion as true. Id. at 1082. If, even under the plaintiff's version of the facts, plaintiff has not exhausted, the complaint must be dismissed. Id. However, if the parties' conflicting facts leave a dispute as to whether plaintiff has exhausted, the court need not accept all of plaintiff's facts as true. Id. Rather, "the court then proceeds to make specific findings in order to resolve the disputed factual issues . . . ." Id. "Once the court makes findings on the disputed issues of fact, it then decides whether under those findings the prisoner has exhausted his available administrative remedies." Id. at 1083. The Eleventh Circuit has held that a district court may consider materials outside of the pleadings and resolve factual disputes regarding exhaustion in conjunction with a Rule 12(b)(6) motion to dismiss so long as the factual disputes do not decide the merits of the case. See Bryant, 530 F.3d at 1376-77.

Plaintiff filed his first complaint on September 8, 2008 solely against employees at Dodge State Prison. (Doc No. 1). On October 2, 2008, Plaintiff filed an amended complaint listing "Wardens Hugh Humphrey of Ware State Prison[,] Hugh A. Smith of

Dodge State Prison Et. Als." [sic] (Doc. No. 10, p. 1). Plaintiff did not make any factual allegations concerning his treatment at Ware State Prison. (See id.) In his complaint, Plaintiff checked the "yes" box in response to the question, "Did you present the facts relating to your complaint to the appropriate grievance committee?" (Id. at p. 3). In response to the questions, "What steps did you take?" and "What was the result?", Plaintiff responded respectively, "The grievances was, is, being illegally stopped," and "no response." (Id.). Plaintiff stated that he did not appeal any adverse decision to the highest level possible in the administrative procedure." (Id.).

On November 13th 2008, Plaintiff filed a second amended complaint stating he presented his complaint to the appropriate grievance committee. (Doc. No. 18, p. 3). Again, Plaintiff stated the result of his complaint was "no response." (Id.). However in answering what grievance steps he took, Plaintiff stated, "I filed a grievance and it was illegally stopped, I have in my possession the documentary evidence to prove that the state mandated grievance procedures were illegally stopped." (Id.). Plaintiff's allegations in this complaint centered *only* around his treatment at Dodge State prison, though Warden Humphrey—the former warden of Ware State Prison, and the only defendant in this action—is listed as a defendant. Plaintiff stated that he did not appeal any adverse decision to the highest level possible in the administrative procedure." (Id.).

On January 23, 2009, Plaintiff filed his third amended complaint. (Doc. No. 25). This complaint is the first instance in which Plaintiff set forth factual allegations against Defendants at Ware State Prison. (See id.) In this complaint Plaintiff stated that he "filed medical requests and after no response I filed grievances." (Id. at p. 3). Plaintiff

stated that the result of these filings was "[n]o response and was transferred to another facility." (Id.). Plaintiff stated that he did not appeal any adverse decision to the highest level possible in the administrative procedure. (Id.). Plaintiff's explanation for why he did not follow the proper grievance procedure states, "I tried through proper medical request procedure filling out request forms and writing the warden." (Id.).

Plaintiff filed another Motion to Amend his complaint on February 10, 2009. (Doc. No. 27). In this motion, Plaintiff stated that he had "grievances signed by the defendant warden Mr. Hugh Smith [of Dodge State Prison] which proves he had knowledge of my medical condition and did nothing."

Nowhere in his multitude of complaints does Plaintiff state that he exhausted his administrative remedy requirements with respect to grievances filed at Ware State Prison. Plaintiff's third amended complaint is the only complaint alleging constitutional violations by employees of Ware State Prison. Plaintiff's allegations concerning the "stopping" of grievances only relate to his complaints about Dodge State Prison, which were dismissed. (Doc. No. 35). Plaintiff states in his response to Defendant's Motion to Dismiss, "The government loss of evidence may deprive Plaintiff of the right to a fair trial. In the Defendant's brief it stated that after three years, grievances were disposed of." (Doc. No. 45, p. 4). Defendant asserts that Plaintiff's grievance records dating back to 2006 do not reveal that he filed any grievances related to his medical condition while incarcerated at Ware State Prison; the affidavit of Shirlyn Thomas, Deputy Warden of Care and Treatment at Ware State prison, supports this assertion. (Doc. No. 40-3).

Even if Plaintiff had exhausted his administrative remedies with respect to a grievance filed at Ware State Prison concerning his medical treatment, any allegations

occurring prior to January 23, 2007, are barred by the statute of limitations. It is well established that federal courts should apply "their forum state's statute of limitations . . . to actions brought pursuant to 42 U.S.C. § 1983." Lovett v. Ray, 327 F.3d 1181, 1182 (11th Cir. 2003). "The statute of limitations for a [§] 1983 claim arising out of events occurring in Georgia is two years." Thigpen v. Bibb County, 223 F.3d 1231, 1243 (11th Cir. 2000); O.C.G.A. §9-3-33. Although state law determines the applicable statute of limitations, "[f]ederal law determines when the statute of limitations begins to run." Lovett, 327 F.3d at 1182. As a general rule, "the statute of limitations does not begin to run until the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights." Id.

Plaintiff's amended pleading filed on January 23, 2009, does not relate back to the date of his original pleading since it fails to assert a "claim or defense that arose out of the conduct, transaction or occurrence set out . . . in the original pleading." FED. R. CIV. P. 15(c). Plaintiff's third amended complaint reveals that his allegations arise out of medical treatment occurring while he was incarcerated at Ware State Prison from August 2004 until August 2007. (Doc. 1). Plaintiff did not file the instant Complaint until January 23, 2009. (Id.) As a result, any of his allegations relying on conduct that occurred prior to January 23, 2007, are barred by the two-year statute of limitations. The evidence indicates that Plaintiff failed to exhaust his administrative remedies at Ware State Prison with respect to conduct that occurred after January 23, 2007 at Ware State Prison. As Plaintiff failed to exhaust his administrative remedies with respect to hic claim against Defendant Humphrey, Defendant's other arguments do not need to be addressed.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Defendants' Motion to Dismiss be **GRANTED**. Plaintiff's complaint should be dismissed without prejudice due to Plaintiff's failure to exhaust his available administrative remedies.

**SO REPORTED** and **RECOMMENDED**, this ___11th___ day of February, 2010.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE